## SMITH v. O'BRIEN.

*(Supreme Court, General Term, Second Department. July 2, 1889.)*

1. CRIMINAL CONVERSATION—EVIDENCE.

    In an action for *crim. con.*, evidence that plaintiff's business called him away from home every other night, at which times defendant was a regular visitor to his wife, and that she rode out with defendant, and was seen with him in a stone-yard near her residence late at night, and testimony by plaintiff that he caught his wife and defendant in the act of adultery, are sufficient to support a verdict for plaintiff.

2. SAME—WITNESS—HUSBAND AND WIFE.

    Plaintiff in such action is not prohibited from testifying in his own behalf by Code Civil Proc. N. Y. § 831, which provides that "a husband or wife is not competent to testify against the other upon the trial of an action * * * founded upon the allegation of adultery, except to prove the marriage or disprove the allegation of adultery," as the wife is not a party.

Appeal from circuit court, Westchester county.

Action for criminal conversation by Peter Smith against John O'Brien. Plaintiff testified that he caught his wife and defendant in an act of adultery. His evidence was objected to on the ground that he was incompetent to testify, under Code Civil Proc. N. Y. § 831, which provides that "a husband or wife is not competent to testify against the other upon the trial of an action * * * founded upon the allegation of adultery, except to prove the marriage or disprove the allegation of adultery."

Argued before BARNARD, P. J., and PRATT, J.

*John Gibney*, for appellant. *Francis Larkin*, for respondent.

BARNARD, P J. The proof is sufficient to support the verdict. The plaintiff's business called him away from home every other night, and the defendant was a regular visitor of his wife on the occasions of the absence of the husband. O'Brien is proven to have ridden out with his wife, and she was seen in the stone-yard near her residence in company with the defendant quite late at night. There is beyond this the most direct proof of guilt given by the plaintiff. Section 831 of the Code does not apply to actions where the husband seeks to recover damages for alienation of a wife's affection. The wife is not a party, and the evidence is not strictly against her. The judgment should be affirmed, with costs.

PRATT, J., concurs.