## HENRY WOODS, Appellant, *v.* HENRY GLEDHILL, Respondent.

*Husband and wife — the husband is competent to testify in an action for the debauching of his wife.*

A husband, the plaintiff in an action to recover damages for the debauching of his wife, is a competent witness to prove any fact tending to establish the charges of misconduct alleged in the complaint, although it may implicate her in the transaction.

Section 831 of the Code of Civil Procedure applies only where the wife is a party to the action.

Appeal by Henry Woods, the plaintiff, from a judgment, entered in the office of the clerk of the county of New York on the 19th day of October, 1889, after a trial before the court and a jury at the New York Circuit, at which the plaintiff's complaint was dismissed.

*William H. Reid,* for the appellant.

*De Lancey Nicoll,* for the respondent.

Daniels, J. :

The action was to recover damages for seducing and debauching the plaintiff's wife. He was sworn as a witness to establish his right to maintain the suit, and the court held him to be incompetent to prove any fact tending to establish the misconduct alleged as the ground of the action. But by the provisions contained in section 828 of the Code of Civil Procedure it has been enacted that a person shall not be excluded from being a witness by reason of his interest in the event of the action, or because he is a party thereto, or the husband or wife of a party, except as otherwise prescribed in the same title. The effect of this section is to make the party competent unless by some other special provision that competency has been denied to him. The only provision which can have this effect is that contained in the first part of section 831 of this Code. By that it has been declared that "A husband or a wife is not competent to testify against the other upon the trial of an action or the hearing upon the merits of a special proceeding founded upon an allegation of adultery, except to prove the marriage or disprove the allegation of adultery." But the plaintiff was not within this exception, for

he was not offered as a witness to give evidence against his wife, but his evidence was proposed to be given against the defendant in the action. It is true that it might have the effect of implicating her in the misconduct charged, but, as the action was not against her, but against another person, the evidence proposed to be elicited would be against him and him alone. The case accordingly was not within this prohibition of section 831 of the Code. And the same point has been disposed of in this manner by the General Term of the second department. (*Smith* v. *O'Brien*, 6 N. Y. Suppl., 174.)

The judgment should be reversed and a new trial ordered, with costs to the plaintiff to abide the event.

VAN BRUNT, P. J., and BRADY, J., concurred.

Judgment reversed and new trial ordered, with costs to the plaintiff to abide the event.